

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ALTON ADAMS, § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 3:17-2048-MGL |
| § | |
| DEPUTY J.K. BURBAGE; JAY KOON, § | |
| *Lexington County Sheriff*, § | |
| Defendants. § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This action arises under 42 U.S.C. § 1983. All parties are represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants J.K. Burbage and Jay Koon's (Defendants) motion for summary judgment be granted and the case dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

The Magistrate Judge filed the Report on December 4, 2018. ECF No. 38. Plaintiff Alton Adams's (Adams) filed his objections on December 17, 2018. ECF No. 40. Defendants replied to Adams's objections on December 19, 2018. ECF No. 41. The Court has reviewed the objections but hold them to be without merit. It will therefore enter judgment accordingly.

As a preliminary matter, Adams asserted claims for defamation, deprivation of property without due process in violation of the Fourteenth Amendment, and punishment of speech in violation of the First Amendment. ECF No. 1 at 3-5. There are no facts in Adams's complaint supporting such claims and the Magistrate Judge noted in the Report Adams appears to have intended to assert these claims against different defendants in a related case, *Adams v. Pritchard et al*, 3:17-cv-01108-MGL. Adams was given an opportunity to amend his complaint and failed to do so. Because the Defendants have not moved for summary judgment as to these claims, the Court will adopt the Magistrate Judge's recommendation and summarily dismiss these claims for failure to state a claim upon which relief can be granted. Therefore, the remaining claims against the Defendants in the case at bar are for violations of the Fourth Amendment for false arrest and malicious prosecution pursuant to 42 U.S.C. § 1983, and for abuse of process and deprivation of due process under state law.

The Magistrate Judge recommended the Court grant Defendants' motion for summary judgment on Adams's federal claims because the undisputed evidence in the record shows Defendant Burbage had probable cause to arrest and prosecute Adams for forgery. Adams objects on the ground that, although Defendant Burbage may have had probable cause to arrest Adams, he lacked "probable cause to continue the prosecution upon discovering Plaintiff's defense to the charge was verified and Gerald L. McKinney had actually stolen and forged the checks in question." ECF No. 40 at 2.

In support of his contention Defendants lacked probable cause to continue the prosecution, Adams relies on his own affidavit. Adams contends Defendants "continued his prosecution after they received evidence which negated probable cause and in fact showed him without any knowledge of a crime, much less any criminal intent to commit a crime." ECF No. 40 at 3. "'Probable cause,' for Fourth Amendment purposes, means 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir. 1992). Defendant Burbage's investigation showed the check's owner reported a check stolen from him, and someone presented the check in an attempt to cash it at a local truck stop with Adams's driver's license. ECF No. 38 at 9. The investigation also showed, on video, Adams attempted to cash another check with the owner's forged signature and made payable to cash at the check owner's bank. *Id*. As the Magistrate Judge correctly set forth in the Report, the undisputed evidence in the record shows Defendant Burbage had probable cause to arrest and prosecute Adams for forgery.

Adams argues the facts uncovered in the investigation showed he had no knowledge the checks were forged, and he was duped by McKinney, who actually forged the checks. Adams's objection rests on the flawed assumption that because there is an absence of the necessary *mens rea* required to prove he committed the crime, then both the initial arrest and any further prosecution is a constitutional violation. The case law relied upon by Adams in his objections is inapposite. Adams cites to cases addressing whether the *mens rea* has been proven as an element required to sustain a conviction. These cases fail to address the requisite proof of *mens rea* sufficient to establish probable cause. Adams's state of mind has no bearing on whether there was probable cause for his arrest or for his prosecution. See *Brigham City, Utah v. Smart*, 547 U.S.

3

398 (2006) (noting an action is reasonable, under the Fourth Amendment, regardless of the individual's state of mind, so long as the circumstances, viewed objectively, justify the action). There is simply no evidence in the record to suggest the circumstances, viewed objectively, did not justify Defendants' actions. Adams fails to point to any admissible evidence showing Defendants' lacked probable cause at any point in the investigation.

In opposing a motion for summary judgment, a party must, *inter alia*, point to evidence in the record, including affidavits. Fed. R. Civ. P. 56(c)(1)(A). However, a self-serving affidavit is insufficient to withstand a motion for summary judgment. *See Nat'l Enters., Inc. v. Barnes*, 201 F.3d 331, 335 (4th Cir. 2000). Adams's self-serving affidavit is insufficient to establish Defendants lacked probable cause to continue his prosecution. Because Adams has propounded no admissible evidence to show Defendants' were aware of his defense he was duped by McKinney (and thus lacked the mens rea to commit forgery), the Court will overrule Adams's objection arguing Defendants lacked probable cause to continue Adams's prosecution.

As to Adams's state law claims, the Magistrate Judge recommended Defendants' motion for summary judgment be granted as to both the abuse of process and deprivation of due process claims because Adams's claims are barred by the Eleventh Amendment. Adams's objections to the Report's recommendation center on his allegations Defendants' acted with actual malice and were therefore acting in their individual capacities and outside of the scope of their qualified immunity. ECF No. 40 at 6-7. However, as the Magistrate Judge astutely states in the Report, Adams's complaint makes no express assertion the state law claims are asserted against Defendants in their individual capacity outside of the South Carolina Tort Claims Act (the Act), S.C. Code Ann. §§ 15-78-10, *et seq*. Further, Adam's complaint fails to allege Defendants acted with malice. Adams was given an opportunity to amend his complaint and neglected to do so. To

allow him to propound these new allegations would be the equivalent of allowing Adams to amend his complaint in response to a motion for summary judgment. Therefore, the Court agrees with the Magistrate Judge's recommendation Defendants are immune from the state law claims and will overrule Adams's objections accordingly.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motion for summary judgment is **GRANTED** and this case is **DISMISSED.**

**IT IS SO ORDERED.**

Signed this 11th day of February 2019 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
